UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VICTORIA SCOTT AND J.B. SCOTT                          CIVIL ACTION

VERSUS                                                 NO. 23-2169

ARIENS COMPANY, ABC INSURANCE COMPANY,                 SECTION "A" (4)
HOME DEPOT U.S.A., INC. and XYZ INSURANCE
COMPANY

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 37)** filed by Defendant

Home Depot U.S.A., Inc. ("Home Depot"). The motion was originally noticed for submission on

April 30, 2025. After Plaintiffs failed to timely respond, the Court *sua sponte* continued the

submission date to May 14, 2025 in the interest of justice, but noted that the motion appeared to

have merit.[1] Accordingly, it expressly warned Plaintiffs that a failure to timely respond in

accordance with the Local Rules before the submission date would result in the dismissal of their

claims.[2] Despite the Court's express warning, Plaintiffs filed an opposition on May 9, 2025, in

violation of the local rule governing the deadline to respond to a motion.[3]

Given that the primary basis for Home Depot's motion is that Plaintiffs have provided no

evidence to establish the cause in-fact of their injuries,[4] the Court has nonetheless opted to

overlook their subsequent failure to timely respond and consider the merits of their arguments in

opposition. Even so, it finds that they failed to carry their burden and Home Depot's motion must

be granted.

---

[1] *See* Rec. Doc. 38.

[2] Rec. Doc. 38.

[3] *See* LR 7.5 ("Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date.").

[4] *See* Rec. Doc. 37-2, at 2–3.

I.      **Background**

a.  **Factual Background**

This case concerns a malfunctioning lawn mower owned by Plaintiffs Victoria and J.B. Scott. The couple purchased an Ariens Ikon XD "zero-turn" lawn mower from Home Depot in January 2019 for their family business—"Your Way Lawn Service."[5] Almost three years later, on September 25, 2021, the lawn mower spontaneously caught fire while operated by Mrs. Scott.[6] When the fire started, it was first observed by Mr. Scott, who immediately told his to wife get off of the machine.[7] Heeding his warning, Mrs. Scott jumped off and landed on both feet,[8] but her escape allegedly caused her to suffer knee, back, and neck injuries.[9] This lawsuit followed a year later.

b.  **Procedural Background**

On September 26, 2022, Plaintiffs filed suit in state court asserting personal injury claims against Home Depot and Ariens Company ("Ariens"). As distributor of the lawn mower, they claimed Home Depot (i) was negligent in distributing, marketing, and/or selling the lawn mower, and (ii) made misrepresentations and/or omissions of material fact regarding the lawn mower's fitness for its intended use.[10] As manufacturer of the lawn mower, they claimed Ariens' product

---

[5] Complaint, Rec. Doc. 1-1, ¶ 6; Rec. Doc. 39, at 1–2.

[6] Rec. Doc. 1-1, ¶ 7, 11.

[7] Rec. Doc. 1-1, ¶ 11.

[8] V. Scott Dep., Rec. Doc. 22-3, 162:2-3.

[9] Rec. Doc. 1-1, ¶ 14.

[10] Rec. Doc. 1-1, ¶¶ 18–19.

was unreasonably dangerous in violation of the LPLA due to its construction and composition, design defects, inadequate warnings, and failure to conform to an express warranty.[11]

The state court proceedings continued until Defendants received notice that the amount in controversy exceeded the requisite diversity jurisdiction threshold, at which point the matter was timely removed to federal court.[12]

On January 7, 2025, Defendants filed their first motion for summary judgment seeking a full dismissal of Plaintiffs' claims against them.[13] The motion principally argued that Plaintiffs failed to provide any competent evidence to support their claim that the lawn mower was unreasonably dangerous under the LPLA.[14] It posited that Plaintiffs failed to provide competent expert testimony to support their claim because the expert—who Plaintiffs failed to formally designate—admitted that he holds "no opinions with respect to the design or manufacture of the machine, nor . . . any opinions with regard to the machine's conformance to express warranties" and that he "has no training with regard to warnings."[15] As it related to Home Depot, the motion argued that Plaintiffs' allegations are "based on the notion that the product in this case was 'unreasonably dangerous,' not 'fit for its intended use' or otherwise not 'of merchantable quality,'" and, as such, the claims should be dismissed against Home Depot because Plaintiffs cannot carry their burden of proof to show that the machine at issue was unreasonably dangerous.[16]

On March 12, 2025, the Court granted the motion as to Plaintiffs' claims under the Louisiana Products Liability Act ("LPLA") against Ariens, and denied the motion without

---

[11] Rec. Doc. 1-1, ¶ 17.

[12] Notice of Removal, Rec. Doc. 2, ¶ 5.

[13] Rec. Doc. 22.

[14] Mot. Summ. J., Rec. Doc. 22-1, at 1.

[15] Doc. 22-1, at 2 n.2.

[16] Doc. 22-1, at 2 n.1.

prejudice as to Plaintiffs' negligence and breach of warranty claims against Home Depot.[17] The instant motion seeking summary judgment as to Plaintiffs' remaining claims against Home Depot was filed on April 15, 2025 in accordance with the court-ordered deadline.[18]

## II.    Legal Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "An issue is material if its resolution could affect the outcome of the action." *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). All reasonable inferences are drawn in favor of the nonmoving party. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). There is no genuine issue of material fact if, after drawing all reasonable inferences in favor of the nonmoving party, no reasonable trier of fact could find in the nonmoving party's favor. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263–64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). If the moving party fails to carry this burden, the motion must be denied. If the

---

[17] Rec. Doc. 36.

[18] *See* Rec. Doc. 37.

4

moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist. *Celotex*, 477 U.S. at 322–24.

On the other hand, if the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim. *Id.* at 331–32 (Brennan, J., dissenting).[19] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party." *Celotex*, 477 U.S. at 332–33.

---

[19] *See also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322–24, and requiring the movants to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A Wright, Miller & Kane, Fed. Prac. and Pro. § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant. *Id.* If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3. "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial." *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.

Still, "unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

### III.    Analysis

Two claims remain pending against Home Depot: first, that it was "negligent in distributing, marketing, and/or selling the Ikon XD 52 x 52 zero turning lawn mower, which they knew, or in the exercise of reasonable care should have known, was unreasonably dangerous"; and second, that it "made misrepresentations and/or omissions of material fact, including but not limited to, that the Ikon XD 52 x 52 zero turning lawn mower was fit for its intended use and that

the Ikon XD 52 x 52 zero turning lawn mower was of merchantable quality."[20] The Court addresses the claims in turn.

### a. Negligence

In Louisiana, liability for negligence is determined by applying the duty/risk analysis. *See Bufkin v. Felipe's La., LLC*, 2014-0288 (La. 10/15/14), 171 So.3d 851, 855; *James v. Eldorado Casino Shreveport Joint Venture*, 51,707 (La. App. 2 Cir. 11/15/17), 245 So.3d 264, 267–68, *writ denied*, 2017-2091 (La. 2/9/18), 236 So.3d 1266. The plaintiff must prove that (i) the defendant's conduct was the cause-in-fact of his harm, (ii) the defendant owed a duty of care, (iii) the defendant breached the duty, and (iv) the risk of harm was within the scope of protection afforded by the duty breached. *Bufkin*, 171 So.3d at 855. Under a duty/risk analysis, all four inquiries must be affirmatively answered for the plaintiff to recover. *James*, 245 So.3d at 268. When the cause in-fact element is at issue, "mere speculation is not sufficient to satisfy [the] plaintiff's burden of proof." *Jones v. Whip Electric, LLC*, 2022-1035 (La. 11/22/22), 350 So.3d 846, 850 (citing *Todd v. Dep't Soc. Servs.*, 96-3090 (La. 9/9/97), 699 So.2d 35, 43 ("[p]roof which establishes only possibility, speculation, or unsupported probability does not suffice to establish a claim.")).

Although the cause in-fact inquiry is a factual determination that is best made by the fact-finder, summary judgment is appropriate when there is no evidence that such inquiry has been met. *Scott v. City of Shreveport*, 49,944 (La. App. 2 Cir. 6/24/15), 169 So.3d 770, 773, *writ denied*, 2015-1438 (La. 10/9/15), 186 So.3d 1149. As this Court explained when ruling on Plaintiffs' LPLA claims,

---

[20] Rec. Doc. 1-1, ¶¶ 18–19; *see also* Rec. Doc. 39, at 4, 10 (arguing that genuine issues of material fact exist as to negligence and breach of warranty).

> What is perhaps most fatal to Plaintiffs' proximate cause argument, however, is not its overbreadth or ambiguity, but that it fails to establish any causation whatsoever. Although absent from Plaintiffs' brief, the attached deposition transcript makes clear that their [un-designated] expert's conclusion was based on several potential causes, including (1) "heat generated from a seized or damaged pully or bearing," (2) "[a]n improperly routed belt," or (3) "buildup of debris around the belt or pulley." But in the same deposition the expert subsequently testified that there has been no identification of a failure point. In other words, it remains unclear whether a characteristic of a defective product caused Plaintiffs' injuries or, alternatively, if their injuries were caused by operator error, Plaintiffs' own failure to maintain the lawn mower, or an unknown intervening force.

(Rec. Doc. 36, at 9 (footnotes omitted)). In response to this second motion for summary judgment, Plaintiffs have again failed to produce any evidence, other than their speculative and conclusory allegations, that the alleged conduct by Home Depot was the cause in-fact of their injuries.

In the alternative to directly establishing a fact issue, Plaintiffs argue that circumstantial evidence exists to preclude summary judgment against their negligence claims.[21] The Louisiana Supreme Court has recognized that circumstantial evidence may be used to prove a plaintiff's case and to defeat a motion for summary judgment. *See Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99–2181 and 99–2257, (La. 2/29/00), 755 So.2d 226, 236–37. However, "[i]f circumstantial evidence is relied upon, that evidence, taken as a whole, must exclude every other reasonable hypothesis with a fair amount of certainty." *Jenkins v. Arbors on Lake Apts.*, 2021-1662 (La. 3/22/22), 334 So.3d 746, 750. As previously explained, when considered as a whole, the circumstantial evidence presented here does not support the conclusion that it was more likely than not that Plaintiffs'

---

[21] *See* Rec. Doc. 39, at 8.

injuries were caused by Home Depot's conduct.[22] As such, their claims based in negligence are foreclosed.[23]

### b. Breach of Warranty

Plaintiffs' response contends that genuine issues of material fact exist as to their breach of warranty claims pursuant to Louisiana Civil Code article 2520 ("Warranty against redhibitory defects") and article 2524 ("Thing fit for ordinary use").[24] The Court disagrees.

### 1. Warranty against Redhibitory Defects

Article 2520 of the Louisiana Civil Code provides,

> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
>
> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.
>
> A defect is redhibitory also when, without rendering the thing totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price.

La.Civ.Code art. 2520. In addition to the requirements articulated above, the Code further provides that the "warranty against redhibitory defects covers only defects that exist at the time of delivery," La.Civ.Code art. 2530, and that "the buyer may prove the existence of a redhibitory defect before the sale by direct or circumstantial evidence giving rise to a reasonable inference that the defect

---

[22] The circumstantial evidence that Plaintiffs allege defeat summary judgment includes Mr. Tauzin's "expert" testimony (discussed *supra*), Mr. Scott's recount of how the fire started, and Mr. and Mrs. Scott's testimony that they properly maintained the lawn mower.

[23] In addition to their general negligence claim, Plaintiffs also assert that Home Depot is liable for negligent misrepresentation. *See, e.g.*, Rec. Doc. 39, at 5. This claim is likewise foreclosed by Plaintiffs' failure to establish cause in-fact under the duty/risk analysis. *See, e.g.*, *Stanley v. Wyeth, Inc.*, 2007-2080 (La.App. 1 Cir. 5/2/08), 991 So.2d 31, 34 n.5 ("Negligent misrepresentation cases are evaluated using the duty/risk analysis on a case-by-case basis.").

[24] *See* Rec. Doc. 39, at 10.

existed at the time of the sale." *Vincent v. Hyundai Corp.*, 633 So.2d 240, 243 (La.App. 3 Cir. 1993) (citing La.Civ.Code arts. 2520, 2521, 2530). So, to prevail on a redhibition claim, a plaintiff must establish:

> (1) the seller sold the thing to him and it is either absolutely useless for its intended purpose or its use is so inconvenient or imperfect that, judged by the reasonable person standard, had he known of the defect, he would never have purchased it;
>
> (2) the thing contained a non-apparent defect at the time of the sale; and
>
> (3) the seller was given an opportunity to repair the defect.

*Sgambato v. Oreck Corp. Int'l*, No. 16-15585, 2017 WL 1361333, at *3 (E.D. La. Apr. 14, 2017) (Engelhardt, J.) (citing *Vincent*, 633 So.2d at 243).

Plaintiffs' redhibitory defect claim suffers a similar fate as their negligence claims—*i.e.*, it is subject to dismissal because Plaintiffs have provided no evidence to establish critical components of the claim. Bolstering this finding is Plaintiffs' admission that they used the lawn mower for almost three years in the ordinary course of their lawn mowing business before it caught fire.[25] Such prolonged and consistent use without issue (i) forecloses the contention that the lawn mower was "absolutely useless for its intended purpose or its use [was] so inconvenient or imperfect that, judged by the reasonable person standard, had he known of the defect, he would never have purchased it" and (ii) cuts sharply against the contention that the alleged defect existed at the time of the sale. *Sgambato*, 2017 WL 1361333, at *3. Accordingly, summary judgment against their redhibition claim is proper.

---

[25] *See* Rec. Doc. 39, at 2.

2.  **Thing Fit for Ordinary Use**

Article 2524 of the Code provides,

> The thing sold must be reasonably fit for its ordinary use.
>
> When the seller has reason to know the particular use the buyer intends for the thing, or the buyer's particular purpose for buying the thing, and that the buyer is relying on the seller's skill or judgment in selecting it, the thing sold must be fit for the buyer's intended use or for his particular purpose.
>
> If the thing is not so fit, the buyer's rights are governed by the general rules of conventional obligations.

La.Civ.Code art. 2524. The comments to the Code further explain (i) "when the thing sold is not fit for its ordinary use, even though it is free from redhibitory defects, the buyer may seek dissolution of the sale and damages, or just damages, under the general rules of conventional obligations," and (ii) "[i]n such a case [the buyer's action] is one for breach of contract . . . ." *Id.* cmt. (b).[26]

Simply put, Plaintiffs' argument here is that the intended use of the lawn mower was mowing lawns, and the combustion of the lawn mower rendered it unfit for its intended use.[27] In their own words, "Plaintiffs are not required to prove [sic] the cause of the defect—only that one existed at the time of the sale and Home Depot was aware that the lawn mower sold was not [fit] for its intended use."[28] The Court notes, however, that, while the end result is the same, the issue is properly analyzed under a breach of contract analysis, La.Civ.Code art. 2524 cmt. (b), which requires Plaintiffs to "prove by a preponderance of the evidence [that] (1) defendants owed them

---

[26] *See also Cunard Line Ltd. Co. v. Datrex, Inc.*, 2005-1171 (La.App. 3 Cir. 4/5/06), 926 So.2d 109, 113–14 (explaining "that the legislature intended to separate and categorize three different types of warranties applicable to sales rather than to have all such warranties defaulted into the category of the warranty against redhibitory defects," and concluding "that La.Civ.Code art. 2524 applies to a situation in which the cause of action is based, not on the defective nature of the thing at issue, but on its fitness for ordinary use and/or for a particular use or purpose").

[27] Rec. Doc. 39, at 17.

[28] Rec. Doc. 39, at 17.

an obligation; (2) defendants failed to perform that obligation; and (3) defendants' failure resulted in damages to the plaintiffs." *Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC*, 14-2592 (La. 12/8/15), 193 So. 3d 1110, 1115. For the same reason that their negligence and redhibitory defect theories failed, so too does this theory. The evidence in the record is insufficient to establish a genuine issue of material fact as to any of these elements. *Smith*, 298 F.3d at 440.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 37)**, filed by Defendant Home Depot, is **GRANTED** and Plaintiffs' claims are **DISMISSED WITH PREJUDICE.**

June 20, 2025

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE